John M. KEARNEY

v.

UNITED STATES.

No. 1–55.

United States Court of Claims.
Dec. 4, 1957.

Robert T. S. Colby, Washington, D. C., for plaintiff. Dale Jernberg, Washington, D. C., was on the brief.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

MADDEN, Judge.

The plaintiff sues for retired pay as a former officer of the Marine Corps. The Government moves for a summary judgment on the ground that there is no genuine issue as to any material fact and that, as a matter of law, the plaintiff is not entitled to judgment.

The plaintiff enlisted in the Naval Reserve in September 1942. After a prescribed course as an aviation cadet the plaintiff was, on February 18, 1944, commissioned as a second lieutenant in the Marine Corps. He was later promoted to first lieutenant. In June 1945 he was injured, in line of duty, in an airplane accident. He recovered and resumed full flying status. On October 17, 1946, he was honorably released to inactive duty "not by reason of physical disability."

About September 29, 1948, the plaintiff applied to the United States Air Force for a commission. He had, from the time of his release from the Marine Corps to inactive duty in 1946, maintained his status in the Marine Corps Reserves. On November 7, 1948, he resigned from the Marine Corps and on November 8 entered on active duty as a captain in the United States Air Force. In connection with his application to the Air Force, he was given a medical examination in October 1948, which disclosed no physical defects.

On November 22, 1948, plaintiff was examined by a flight surgeon and another medical officer, who determined that he was physically qualified for flying duty, and required no corrective measures or other action. Plaintiff continued on active duty with the Air Force until July, 1950 when he was released to inactive duty. A medical examination at the time of that release found him "qualified for General Duty."

Effective January 18, 1952, the Veterans' Administration awarded the plaintiff a 70 percent disability rating for service-incurred disabilities. In 1952 he applied to the Board for Correction of Naval Records for disability retirement from the Marine Corps, based upon his 1945 injuries. The Correction Board seems to have referred the case to a Naval Retiring Review Board which considered the case and reported to the Correction Board, which then found that the plaintiff was not entitled to relief. The Board's decision was approved by the Secretary of the Navy in 1954.

The plaintiff's claim is that in the airplane crash in June 1945, he was incapacitated for active service, with several severe permanent disabilities. He alleges that the Correction Board and the Secretary acted "arbitrarily, capriciously, contrary to the evidence, and without force of law."

The Government has submitted various records which show that the Correction Board's proceedings included a hearing at which the plaintiff was present and was represented by counsel and presented a medical witness. The Board had before it the results of the numerous medical examinations which the plaintiff had undergone both in the Marine Corps and in the Air Force. It found that he had some disability, but that he was, at the time of his release from active duty in the Marine Corps, qualified for military service, and that he had thereafter performed such service in the Air Force.

The Correction Board and the Secretary did not act arbitrarily, capriciously, contrary to law, or without supporting evidence. Indeed, except for the contrary conclusion of the Veterans' Administration, the evidence would seem to have been quite conclusive that the plaintiff

was not incapacitated for military service. The Veterans' Administration thought otherwise in 1952. The Correction Board was not under a duty to defer to the conclusion of the Veterans' Administration if the evidence persuaded it to the contrary.

We think the decision of the Correction Board, approved by the Secretary, that plaintiff was physically qualified to perform military duties at the time of his release to inactive duty on October 17, 1946, was not arbitrary, capricious or otherwise illegal and should not be disturbed. Millan v. United States, Ct.Cl., 153 F.Supp. 370.

The defendant's motion for summary judgment is granted and the plaintiff's petition is dismissed.

It is so ordered.

FAHY, Circuit Judge (sitting by designation), JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.